UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT MUSIC, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:05-CV-193 RM |
| ) | |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

Robert Music filed suit against Unum Life Insurance Company of America in the Wabash County Circuit Court on December 23, 2004, alleging denial of disability benefits under ERISA. On March 22, when no answer was filed, Mr. Music filed a motion for default and default judgment; Unum was defaulted and a default judgment was entered against the company on that same date.

Unum reports that on or about March 28, it received a letter from Alfred Plummer, Mr. Music's counsel, relating to collection of the state court judgment. According to Unum, "[a]t no time prior to receiving counsel's letter had Unum received any indication of the state court suit from Plaintiff, the Indiana Department of Insurance, or Unum's registered agent." Deft. Memo., at 3. Unum says the company immediately contacted its counsel, who removed the action to this court on April 4. Unum has filed its motion to set aside entry of default and default judgment and for leave to file its answer and defenses. Unum says the

default and judgment entered against it should be set aside because the company never received service of the summons rendering the underlying judgment void. Unum also says that its failure to timely respond to the complaint was not intentional, it acted promptly to cure the default and default judgment, and it has meritorious defenses to raise. Mr. Music hasn't responded to Unum's motion.

Unum asks to have the default and default judgment set aside based on its contention that it was never served with a copy of the summons and complaint. Unum says, first, that the policy at issue specifically states that service of process is to be made upon Tyson Foods, Inc., *see* Deft. Mot., Exh. B, Pt. 2, and service was not made upon Tyson Foods. Unum next says that the service of process undertaken by Mr. Music was not in compliance with Indiana Trial Rule 4.6, which requires service upon an organization to be made "upon an executive officer . . . or if there is an agent appointed or deemed by law to have been appointed to receive service, then upon such agent." IND. TR. R. 4.6(A)(1). Unum says the summons wasn't served on an officer of the company or its registered agent, CT Corporation, *see* Deft. Mot., Exh. A (Fowler Aff.); instead, service was made on the Indiana Department of Insurance, and the return of service is unsigned. *See* Deft. Mot., Exh. C.[1] Unum maintains that because no service was made upon the company, the state court default judgment is void and should be vacated.

---

[1] Unum says the Department of Insurance didn't forward the summons and complaint to the company; Unum additionally reports that the Department hasn't responded to its counsel's inquiries into this matter.

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . [if] the judgment is void." FED. R. CIV. P. 60(b)(4). A judgment is void if the court that rendered it lacked jurisdiction of the subject matter or of the parties, or acted in a manner inconsistent with due process of law. O'Rourke Bros. Inc. v. Nesbitt Burns, Inc., 201 F.3d 948, 951 (7th Cir. 2000). "A judgment is void if the court issuing it does not have jurisdiction over the defendant, and it does not if the defendant is not served." Central Laborers' Pension, Welfare and Annuity Funds v. Griffee, 198 F.3d 642, 644 (7th Cir. 1999).

Mr. Music hasn't challenged Unum's claim that the company wasn't properly served and so wasn't afforded an opportunity to respond to the complaint before the company was defaulted and a default judgment was entered against it. Nor has Mr. Music challenged Unum's claims that its failure to timely respond to the complaint was not intentional, it acted promptly to cure the default and default judgment, and it has meritorious defenses to raise. Accordingly, because Unum has established that the judgment entered in the Wabash Circuit Court is void, its motion to vacate the default and default judgment [docket # 8] is GRANTED, and the company's answer is deemed filed this date.

SO ORDERED.

ENTERED:   May 12, 2005

/s/ Robert L. Miller, Jr.

3

                                                  Chief Judge  
                                                  United States District Court